LOBRANO, J.,
dissents with reasons.
hi respectfully dissent from the majority’s decision to affirm the trial court judgment.
As noted by the majority, the issue in this appeal is whether an attorney’s failure to give notice to counsel for the opposing party of his intent to confirm a judgment against the opposing counsel’s client constituted an ill practice as contemplated by La. C.C.P. article 2004. A letter dated June 5, 2012 from defendant’s attorney to plaintiffs’ attorney included the following paragraph:
This will confirm our telephone conversation this morning wherein we advised of our firm’s representation of Cash Control Systems, LLC in connection with the above-captioned litigation. In addition, this will confirm your agreement to grant us an extension of time within which to file responsive pleadings on behalf of our principal. Finally, this will confirm your agreement to refrain from taking any action adverse to the interests of Cash Control Systems, LLC, or any other defendant without contacting us in advance in order to allow us the opportunity to protect their interests.
By letter dated September 19, 2012, plaintiffs’ attorney stated the following to defendant’s attorney:
I have written this letter to advise you that I hereby withdraw the extension of time within which to file responsive pleadings that I have granted in the case referenced above. This withdrawal" has become necessary due to your client’s non-responsive attitude 12that has been the tone and theme of this case. I await any response that you may have in this matter.
Significantly, the September 19, 2012 letter did not state that the plaintiffs’ attorney was withdrawing the agreement noted in the June 5, 2012 letter to notify defendant’s attorney prior to taking action adverse to the interests of the defendant. Furthermore, the September 19, 2012 letter did not inform the defendant’s attorney of plaintiffs’ attorney’s intent to obtain a default judgment against the defendant, and there is no indication elsewhere in the record that plaintiffs’ attorney informed defendant’s attorney in advance that he was obtaining a default judgment. In his memorandum in opposition to defendant’s *18 petition to annul judgment, plaintiffs’ attorney admitted that he agreed to refrain from taking any action adverse to defendant without prior notice.
Considering the above-referenced correspondence and the admission of plaintiffs’ attorney in the above-referenced memorandum, it is my opinion that the plaintiffs’ attorney’s action in obtaining a default judgment against the defendant without giving prior notice to defendant’s attorney constituted an ill practice. For that reason, I would reverse the trial court’s judgment denying the defendant’s petition to annul judgment, and I would render judgment granting the petition to annul judgment.